IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GREG M. ARTZ,

        Petitioner,    :    Case No. 3:17-cv-231

  - vs -                       District Judge Thomas M. Rose
                                  Magistrate Judge Michael R. Merz

NEIL TURNER, Warden,
  North Central Correctional Institution,

                                         :

        Respondent.

## ORDER FOR ANSWER AND TO PAY FILING FEE

This is an action pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus; Petitioner seeks release from confinement imposed as part of the judgment of a State court in a criminal action.

The case was filed in the United States District Court for the Northern District of Ohio but transferred to this Court because Petitioner's conviction occurred in the Montgomery County Common Pleas Court.

Petitioner did not pay the filing fee of $5.00 upon filing. Because he is represented by retained counsel, he does not qualify to proceed *in forma pauperis*. The filing fee must be paid to the Clerk by July 20, 2017.

The case has been referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. §636(b) and the Dayton General Order of Assignment and Reference (General Order Day 13-01). Upon preliminary consideration pursuant to Rule 4 of the Rules Governing §2254 Cases, the Court finds that it does not plainly appear from the face of the Petition and any

1

exhibits attached thereto that the Petitioner is not entitled to relief in this Court. Accordingly, it is hereby ORDERED that Respondent shall, not later than September 15, 2017, file an answer conforming to the requirements of Rule 5 of the Rules Governing §2254 Cases. Specifically, said answer shall respond to each allegation made in the Petition, comply with Rule 5(c) regarding transcripts, raise any affirmative defense relied on by Respondent, and state whether, from Respondent's perspective, any claim in the Petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations.

Before filing the answer, the Respondent shall file those portions of the state court record needed to adjudicate this case. When the record is filed electronically, the Court's CM/ECF filing system will affix a unique PageID number to each page of the record, displayed in the upper right-hand corner of the page. All papers filed in the case thereafter by either party shall include record references to the PageID number. Prior to filing the state court record, the Warden's counsel shall ensure that any borders on parts of the record (typically, court reporter transcripts) do not obscure the PageID number when the page is filed. The record shall be indexed by insertion of "bookmarks" in the .pdf version of the state court record uploaded to the Court's CM/ECF system which display each exhibit and the name of that exhibit in the record.

As required by Fed. R. Civ. P. 5, a complete copy of the answer and state court record with the PageID numbers and "bookmarks" must be served on Petitioner at the time of filing.

Petitioner may, not later than twenty-one days after the answer is filed, file and serve a reply to the answer.

The Clerk is ordered to serve the Petition on Respondent and the Attorney General of Ohio, Habeas Corpus Unit of the Corrections Litigation Section c/o

Brian.Higgins@ohioattorneygeneral.gov and Habeas.docketclerk@ohioattorneygeneral.gov

July 10, 2017.

                                                                           s/ *Michael R. Merz*
                                                                         United States Magistrate Judge