# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GREG M. ARTZ,

        Petitioner,      :      Case No. 3:17-cv-231

  - vs -                        District Judge Thomas M. Rose
                              Magistrate Judge Michael R. Merz

NEIL TURNER, Warden,
  North Central Correctional Institution,
                                :

        Respondent.

# REPORT AND RECOMMENDATIONS

This is a habeas corpus case brought pursuant to 28 U.S.C. § 2254 to obtain relief from Petitioner's conviction in the Montgomery County Common Pleas Court on five counts of rape and four counts of gross sexual imposition. Artz filed his Petition (ECF No. 1) in the United States District Court for the Northern District of Ohio on July 5, 2017. The case was promptly transferred to this Court by District Judge Adams (ECF No. 4). Upon initial review, this Court ordered the Respondent to answer and file the state court record which he did on September 14, 2017 (ECF Nos. 10, 11). The Order also provided that Petitioner could file a reply not later than twenty-one days after the Answer, but no reply has been filed and the time for doing so has expired.

1

**Procedural History**

Artz was indicted by a Montgomery County grand jury on November 21, 2013, on twenty-six counts of rape of a child under thirteen, one count of sexual imposition (later withdrawn), and two counts of gross sexual imposition. Eighteen of the rape counts carried a specification that the victim was under ten years of age. A jury convicted Artz of one count of rape of a child under ten, four counts of rape of a child under thirteen, and both gross sexual imposition counts. He was sentenced to an aggregate of thirteen years to life in prison.

Artz appealed, represented by counsel who remains his attorney in this proceeding. The court of appeals affirmed. *State v. Artz,* 2015-Ohio-5291, 54 N.E. 3d 784 (Ohio App. 2d Dist. Dec. 18, 2015). Artz did not timely appeal to the Ohio Supreme Court and his April 18, 2016, motion for delayed appeal was denied. *State v. Artz,* 146 Ohio St. 3d 1413 (2016). Artz filed the instant habeas corpus Petition on July 5, 2017, raising the following grounds for relief:

> **GROUND ONE:** The use of identical evidence to support differing counts in indictment violates the Appellant's [sic] right to due process of law.
>
> **Supporting Facts:** The State used identical allegations and facts with only time frames being different. The jury rejected 21 of 26 counts against the defendant, but since the facts are the same this is not supportable.
>
> **GROUND TWO:** The court's course of conduct instruction violated the Appellant's [sic] due process rights under the Fifth and Fourteenth Amendments to the United States Constitution and his right to a fair trial under the Seventh Amendment.
>
> **Supporting Facts:** Due to the use of identical evidence, the court's instruction on "course of conduct" was confusing and it was unclear what evidence was used to support the convictions.

(Petition, ECF No. 1, PageID 24-27).

The Warden asserts that the Petition should be dismissed as time-barred and also because Artz procedurally defaulted in presenting his claims to the Ohio courts (Answer, ECF No. 11). As noted above, Artz has filed no reply.

**Statute of Limitations**

Habeas corpus actions under 28 U.S.C. § 2254 are subject to a one-year statute of limitations, codified at 28 U.S.C. § 2244(d) which provides:

> (d)
>
> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the

> pertinent judgment or claim is pending shall not be counted toward
> any period of limitation under this subsection.

The Warden argues that the conviction became final on the last date on which Artz could have timely appealed to the Ohio Supreme Court, forty-five days after the judgment in the Second District, or February 1, 2016 (Answer, ECF No. 11, PageID 205). The Warden concedes that the running of the statute was tolled under § 2244(d)(2) during the time Artz had a pending motion for delayed appeal before the Ohio Supreme Court from April 8, 2016, to June 16, 2016 *Id.* at PageID 206. However, the statute had already run sixty-six days before the delayed appeal motion was filed and then resumed running until it expired April 11, 2017. *Id.* The Petition was not filed here until July 5, 2017, almost eight-five days later.

In his attachment to the Petition, attorney George Katchmer, who represented Artz on direct appeal, seeks a nineteen-day extension of the filing deadline on the basis of equitable tolling (ECF No. 1, PageID 27). Mr. Katchmer admirably takes personal responsibility for the untimely filing, but attorney error does not excuse the failure to file on time. Moreover, as noted above, the Petition was eighty-five days late, so a nineteen-day extension or equitably-excused delay would be insufficient.

The Petition should be dismissed as barred by the statute of limitations.

**Procedural Default**

The Warden also asserts that Artz's claims are barred by his procedural default in (1) failing to appeal to the Ohio Supreme Court on time and (2) as to the jury instruction claim (Ground Two) lack of a contemporaneous objection.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); see also *Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

"A claim may become procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013), quoting *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*. Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U.S. 72 (1977). *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted).

As noted above, Artz did not timely appeal to the Ohio Supreme Court. When he sought leave to file a delayed appeal, he did not have occasion to state what propositions of law he sought to raise (See Motion for Delayed Appeal, State Court Record, ECF No. 10, PageID 149). The Court will assume that he intended to raise the same assignments of error raised on direct appeal which include the Grounds for Relief pleaded in this action. However, the Ohio Supreme Court denied leave to file a delayed appeal with its usual cursory language, "[u]pon consideration of appellant's motion for a delayed appeal, it is ordered by the court that the motion is denied." (ECF No. 10, PageID 183). This Entry must be read as an enforcement of the time limits on appeal, rather than as any comment on the merits.

Both of Artz's Grounds for Relief are therefore barred by his procedural default in not presenting them to the Ohio Supreme Court in a timely manner.

Artz's jury instruction claim (Ground Two) is also argued to be defaulted by his failure to make a contemporaneous objection to those instructions. This claim was raised as the Fourth Assignment of Error on direct appeal and decided by the Second District as follows:

> [*P39] Under his Third and Fourth Assignments of Error, Artz challenges the jury instruction on course of criminal conduct that was given in relation to one of the two gross sexual imposition charges concerning A.'s younger sister L. (Count 28). Artz claims the framework of the instruction is confusing in that it could have led the jury to convict him of charges involving A., which he

claims would have amounted to a conviction based on evidence of other bad acts contrary to Evid.R. 404(B). As a result, Artz also claims that the instruction violated his right to due process and a fair trial. We again disagree.

[*P40] "Generally, a trial court should give a requested jury instruction if it is a correct statement of the law as applied to the facts of the particular case." (Citation omitted.) State v. Frazier, 2d Dist. Clark No. 2008 CA 118, 2010-Ohio-1507, ¶ 37. "In charging the jury, the court must state to it all matters of law necessary for the information of the jury in giving its verdict." R.C. 2945.11. "Our review concerning whether jury instructions correctly state the law is de novo." (Citation omitted.) Frazier at ¶ 37.

[*P41] Despite claiming otherwise in his brief, Artz did not object to the course of criminal conduct jury instruction when it was proposed by the State or when the trial court gave the instruction to the jury. Accordingly, Artz haswaived all but plain error. State v. Skatzes, 2d Dist. Montgomery No. 15848, 2003-Ohio-516, ¶ 67; State v. Thomas, 170 Ohio App.3d 727, 2007-Ohio-1344, 868 N.E.2d 1061, ¶ 15 (2d Dist.) "Plain error is demonstrated when a 'manifest miscarriage of justice' results from an improper jury instruction." Thomas at ¶ 16, quoting State v. Recker, 3d Dist. Putnam Nos. 12-05-21 and 12-05-22, 2007-Ohio-216, ¶ 11.

[*P42] In this case, the course of criminal conduct instruction was requested by the State because L. testified that Artz touched her vagina and buttocks while at his parent's house and while in an out-of-state hotel when she traveled with him for his job as a package delivery driver. In order for the jury to determine whether the out-of-state charge was properly venued in Montgomery County, a written instruction regarding course of criminal conduct was provided to the jury reciting language from R.C. 2901.12(H). The written instruction stated as follows:

> **"Course of Criminal Conduct"** (H) When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred. Without limitation on the evidence that may be used to establish the course of criminal conduct, any of the following is prima-facie evidence of a course of criminal conduct:

7

> (1) The offenses involved the same victim, or victims of the same type or from the same group.
> (2) The offenses were committed by the offender in the offender's same employment, or capacity, or relationship to another.
> (3) The offenses were committed as part of the same transaction or chain of events, or in furtherance of the same purpose or objective.
> (4) The offenses were committed in furtherance of the same conspiracy.
> (5) The offenses involved the same or a similar modus operandi.
> (6) The offenses were committed along the offender's line of travel in this state, regardless of the offender's point of origin or destination.

Court's Exhibit I, Charge to the Jury, p. 26.

 [*P43]  Not only is the foregoing instruction a correct statement of law, but the trial court's oral instruction to the jury also made it clear that the instruction only concerned the out-of-state gross sexual imposition charge under Count 28. Specifically, the trial court stated, in pertinent part, as follows:

> Ladies and gentlemen, with regard to count—the last Count, XXVIII, you're—that's a gross sexual imposition count, if you recall and that one—it's regarding [L.] and it's the out-of-state, distinguish [***25]  that count from the other count on gross sexual imposition. As I'm sure you've heard me say many times, in Montgomery County, Ohio. This is—this one is a little different. The law does allow—what's—it's called a course of criminal conduct. So, this instruction applies to Count XXVIII. When an offender as a part of a course of criminal conduct commits offenses in a different jurisdiction, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses, or any element of one of those offenses, occurred. So since one of the incidents occurred in Montgomery County with regard to L., then the defendant can be tried in Montgomery County even for an event that occurred in a jurisdiction outside Montgomery County, Ohio, if you find that it was part of a course of criminal conduct.* * *

Trial Trans. Vol. IV (Sept. 3, 2014), p. 713-714.

> **[*P44]** Because the instruction was a correct statement of law and pertinent to the facts of this case, and because there was no potential for confusion as alleged by Artz, we find no error, let alone plain error, in the course of criminal conduct instruction provided to the jury. Likewise, by giving the instruction, the trial court did not, in any way, violate Artz's right to due process and a fair trial.
>
> **[*P45]** Artz's Third and Fourth Assignments of Error are overruled.

*State v. Artz, supra.*

Applying the procedural default analysis required by *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), the Court finds that Ohio does have a relevant procedural rule requiring contemporaneous objection to trial court error in order to preserve an issue for appeal. *State v. Glaros*, 170 Ohio St. 471 (1960), paragraph one of the syllabus; *see also State v. Mason*, 82 Ohio St. 3d 144, 162 (1998). The federal courts have repeatedly held that is an adequate and independent state ground of decision. *Wogenstahl v. Mitchell*, 668 F.3d 307, 334 (6th Cir. 2012),*citing Keith v. Mitchell*, 455 F.3d 662, 673 (6th Cir. 2006); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir. 2010); *Nields v. Bradshaw*, 482 F.3d 442 (6th Cir. 2007); *Biros v. Bagley,* 422 F.3d 379, 387 (6th Cir. 2005); *Mason v. Mitchell*, 320 F.3d 604 (6th Cir. 2003), *citing Hinkle v. Randle*, 271 F.3d 239, 244 (6th Cir. 2001); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000), *citing Engle v. Isaac,* 456 U.S. 107, 124-29 (1982). *See also Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000); *Goodwin v. Johnson*, 632 F.3d 301, 315 (6th Cir. 2011); *Smith v. Bradshaw*, 591 F.3d 517, 522 (6th Cir.), *cert. denied*, 562 U.S. 876 (2010).

Although the Second District conducted plain error review of the jury instruction claim, reservation of authority to review in exceptional circumstances for plain error is not sufficient to

constitute application of federal as opposed to state law law.  *Cooey v. Coyle,* 289 F.3d 882, 897 (6th Cir. 2002); *Scott v. Mitchell*, 209 F.3d 854 (6th Cir. 2000).  An Ohio state appellate court's review for plain error is enforcement, not waiver, of a procedural default. *Wogenstahl v. Mitchell*, 668 F.3d 307, 337 (6th Cir. 2012); *Jells v. Mitchell,* 538 F.3d 478, 511 (6th Cir. 2008); *Lundgren v. Mitchell,* 440 F.3d 754, 765 (6th Cir. 2006); *White v. Mitchell,* 431 F.3d 517, 525 (6th Cir. 2005); *Biros v. Bagley*, 422 F.3d 379, 387 (6th Cir. 2005); *Hinkle v. Randle,* 271 F.3d 239 (6th Cir. 2001), *citing Seymour v. Walker*, 224 F.3d 542, 557 (6th Cir. 2000)(plain error review does not constitute a waiver of procedural default); *accord, Mason v. Mitchell,* 320 F.3d 604 (6th Cir. 2003).

Therefore merits review of the Petition is barred by Artz's procedural default in presenting his claims to the Ohio courts.

**Conclusion**

Based on the foregoing analysis,  it is respectfully recommended that the Petition herein be dismissed with prejudice.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

October 6, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).