IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

GREG M. ARTZ,

                Petitioner,      :     Case No. 3:17-cv-231

   - vs -                            District Judge Thomas M. Rose
                                         Magistrate Judge Michael R. Merz

NEIL TURNER, Warden,
  North Central Correctional Institution,
                                 :

                Respondent.

# SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objections (ECF No. 13) to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 12). Judge Rose has recommitted the case for reconsideration in light of the Objections (ECF No. 14).

The Report recommends that the Petition be dismissed as time-barred because it was filed eighty-five days after the one-year statute of limitations ran (Report, ECF No. 12, PageID 230). Petitioner argues that applying federal law rather than state law to determine when the judgment became final on direct review "violates the Ninth Amendment, Tenth Amendment, the due process clause of the Fourteenth Amendment and principles of federalism." However, the Objections misinterpret what the Magistrate Judge has recommended.

Petitioner is correct that it is Ohio law that determines when a criminal conviction is "final" on direct review, i.e., when there are no more steps in the direct appeal process. Under Ohio law, that time expires when the Ohio Supreme Court decides a case or on the earlier date that a party's right to appeal to that court expires. Ohio law provides a forty-five day deadline

1

for appealing from an intermediate court of appeals to the Ohio Supreme Court in an appeal of a felony conviction. S. Ct. Prac. R. 7.02(A)(1). Mr. Artz did not file a notice of appeal within the forty-five days, so the Report treats his conviction as final on February 1, 2016, forty-five days from judgment in the Second District.

On April 8, 2016, Mr. Artz filed a motion for leave to file a delayed appeal (State Court record, ECF No. 10, PageID 149). Artz argues that the federal statute of limitations, 28 U.S.C. § 2244(d)(1)(A), does not "explicitly exclude state laws providing for [delayed appeals]. Therefore, deference must be given to such state provisions." (Objections, ECF No. 13, PageID 240). The Magistrate Judge agrees and deference was given to the possibility of delayed appeal. The Report holds that the AEDPA statute of limitations was tolled from the time Artz filed his motion for delayed appeal on April 8, 2016, until the Ohio Supreme Court denied that motion June 15, 2016 (Entry, Ohio Sup. Ct. Case No. 2016-0514, copy at State Court Record, ECF No. 10, PageID 183).

The Report gives deference to the Ohio delayed appeal process under 28 U.S.C. § 2244(d)(2) which provides that the statute of limitations is tolled for any period when a properly filed state collateral attack on the conviction is pending. Thus the time while Artz's motion for delayed appeal was pending was not counted.

The Report's method of giving deference to the delayed appeal process – by treating it as a collateral attack and tolling the time while a motion for delayed appeal is pending – is the correct interpretation of the AEDPA statute. Artz's competing interpretation seems to be that, because Ohio S. Ct. Prac. R. 7.01(A)(4) places no absolute time limit on filing a motion for delayed appeal, convictions remain not final indefinitely in Ohio because a motion for delayed appeal could always be filed. That interpretation would essentially write the statute of

limitations out of the federal Judicial Code in Ohio. However, the Sixth Circuit has held the Ohio Supreme Court's forty-five day time limit is an adequate and independent state procedural rule. *Bonilla v. Hurley,* 370 F.3d 494, 497 (6th Cir. 2004). The Report therefore does not err in its calculation of the statute of limitations date.

Artz makes an argument about the statute of limitations in cases under 42 U.S.C. § 1983 (Objections, ECF No. 13, PageID 240). In those cases, where Congress has never a adopted a statutory limitations period, the federal courts "borrow" the state statute. *Hardin v. Straub,* 490 U.S. 536 (1989). That theory does not apply with habeas corpus, where Congress has enacted a limitations statute that is directly applicable.

Even if Artz's theory were adopted, he concedes he has an additional nineteen days that would have to be excused. He claims equitable tolling. He presents no facts in support of that claim, but asks for a hearing to demonstrate his due diligence. Such a hearing might be appropriate if Petitioner offered some facts that he would show at such a hearing, but he has not. In the absence of some proffer of proof, no hearing would be useful.

Accordingly, it is again respectfully recommended that the Petition be dismissed with prejudice.

October 19, 2017.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).